

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 6, 2024

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PM Management - Killeen I NC LLC, *et al.*,[1] | § | Case No. 24-30240 (sgj) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF SUBCHAPTER V OF CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") of the Debtors for entry of an (this "**Order**") directing the joint administration of these Cases and the consolidation thereof for procedural purposes only; the Court having reviewed the Motion and the First Day Declaration; and the Court having

---

[1] The Debtors in these subchapter V of chapter 11 cases, along with the last four digits of each Debtor's EIN are PM Management - Killeen I NC LLC (3105), PM Management - Killeen II NC LLC (3179), PM Management - Killeen III NC LLC (3245), and PM Management – Portfolio VIII NC LLC (3048).

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is granted as set forth herein.

2. The above-captioned Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of PM Management - Killeen I NC LLC, Case No. 24-30240 (sgj).

3. If, when filed, these Cases were assigned to separate judges, all of the Cases shall be transferred to the judge presiding over the Case of PM Management - Killeen I NC LLC, 24-30240 (sgj).

4. Parties in interest are directed to use the proposed caption, attached hereto as Exhibit 1, which satisfies the requirements of Bankruptcy Code section 342(c), when filing a pleading with the Court in the Debtors' Cases, indicating that the pleading relates to the jointly administered Cases.

The Clerk of this Court shall make a docket entry in each Case (except that of PM Management - Killeen I NC LLC) substantially as follows:

"An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of PM Management - Killeen I NC LLC and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of PM Management - Killeen I NC LLC, Case No. 24-30240 (sgj) should be consulted for all matters affecting this case."

5. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notwithstanding the relief granted in this Order, any creditor filing a proof of claim against any Debtor shall file such proof of claim in the Case of each Debtor to which such claim relates.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Cases.

10. Notwithstanding the relief granted in this Order, each of the Debtors shall file its own schedules and statements of financial affairs, which shall be docketed in its respective case.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

###End of Order###

3

Order submitted by:

**GUTNICKI LLP**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
Gutnicki LLP
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231
Telephone: (469) 895-4413
Facsimile: (469) 895-44413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* Pending)
Gutnicki LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330
mschlan@gutnicki.com


*Proposed Counsel to the Debtors and
Debtors in Possession*

**Exhibit 1**

Proposed Caption

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| PM Management - Killeen I NC LLC, *et al.*,[1] | § § | Case No. 24-30240 (sgj) |
| Debtors. | § § § | (Joint Administration Requested) |

---

[1] The Debtors in these subchapter V of chapter 11 cases, along with the last four digits of each Debtor's EIN are PM Management - Killeen I NC LLC (3105), PM Management - Killeen II NC LLC (3179), PM Management - Killeen III NC LLC (3245), and PM Management – Portfolio VIII NC LLC (3048).